UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ABAYA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL ACCOUNT RECOVERY, LLC.,<br><br>Defendant. | No. 2:15-cv-01269-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Joel Abaya ("Plaintiff") alleges that Defendant Total Account Recovery, LLC ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by making autodialed calls to Plaintiff's cell phone without his consent in the course of trying to collect on an allegedly outstanding debt. Although Plaintiff purports to sue not only on his own behalf but also on behalf of others similarly situated, Defendant now seeks an order compelling arbitration under the terms of Plaintiff's loan agreement with FSST Financial Services, LLC d/b/a Bottom Dollar Payday ("Lender").  Defendant further requests that the Court dismiss the instant lawsuit once it compels arbitration.  For the reasons stated below, Defendant's Motion to

///

///

Compel Arbitration (ECF No. 9) is GRANTED.[1]  The Court, however, declines to dismiss Plaintiff's claims in their entirety and instead will stay this matter pending completion of arbitration proceedings in the event the arbitrator determines that any of the issues presented are not properly subject to arbitration.

**BACKGROUND**

Plaintiff entered into a Consumer Loan and Arbitration Agreement ("Agreement") with Lender on or about July 18, 2014.  That Agreement included a broad arbitration provision which provides that "all disputes, including any Representative Claims against us and/or related third parties, shall be resolved by binding arbitration only on an individual basis with you."  Agreement, Ex. 1 to Def.'s Mot., ¶ 9(d).  The term "Representative Claims" is defined as including a class action like that pursued by Plaintiff here, and the Loan Agreement goes on to specifically provide that the Arbitrator shall not conduct class arbitration.  Id.  Even more significantly, the Agreement also defines the "disputes" subject to arbitration in the "broadest possible" manner to include "all claims, disputes or controversies arising from or relating directly or indirectly to the signing of this Agreement" against "related third parties."  Id. at ¶ 9(b).  "Related Third Parties," in turn, are defined as all claims asserted "against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities."  Id.

As an agent retained by the Lender to collect on Plaintiff's debt, Defendant contends it falls within the Loan Agreement's definition of "related third parties." Moreover, Defendant also points out that the Agreement, by defining "disputes" as also including any controversy relating directly or indirectly to the "validity and scope" of the Agreement and "any claim or attempt to set [it] aside," also delegates to the arbitrator so-

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

called "gateway" issues of whether Plaintiff's claims are properly subject to arbitration under the Agreement in the first place. Id.

## STANDARD

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements involving interstate commerce. 9 U.S.C. § 2. The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement. 9 U.S.C. § 4. Valid arbitration agreements must be "rigorously enforced" given the strong federal policy in favor of enforcing arbitration agreements. Perry v. Thomas, 482 U.S. 483, 489-90 (1987) (citation omitted). To that end, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in the original).

The Supreme Court has "recognized that parties can agree to arbitrate 'gateway questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). If the agreement to arbitrate contains such a delegation provision, the court must compel arbitration with respect to issues of arbitrability except to the extent there is a challenge as to whether the delegation agreement itself is valid. Id.

In determining the validity of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996).

# ANALYSIS

Plaintiff makes a number of substantive challenges to Defendant's attempt to compel arbitration in this matter, including contentions that 1) the claims encompassed by the arbitration clause do not include Plaintiff's unlawful debt collection claims under the TCPA; 2) the arbitration clause fails because of lack of mutual assent; and 3) the arbitration clause is unconscionable in any event.  As indicated above, however, these claims go to the merits of whether the arbitration agreement can be enforced under the particular circumstances of this case.  Before reaching those merits, a determination must be made as to which claims, if any, are arbitrable in the first place.  In that regard, the Agreement provides that the arbitrator shall first decide "the validity and scope of this Agreement [itself] and any claim or attempt to set aside the Agreement."  Agreement, ¶ 9(b).

In accordance with this so-called "gateway" provision, this arbitrator must initially determine whether there has been an agreement to arbitrate as well as the extent of that agreement.  See Rent-A Ctr., West, Inc. v. Jackson, 561 U.S. at 68-69.  If the arbitrator decides that he or she has indeed been delegated the power to decide the claims at issue between the parties, the arbitrator would proceed to an assessment of those claims on their merits.  On the other hand, if the arbitrator determines that Defendant cannot enforce the Agreement with respect to Plaintiff's claims, the dispute would come back to the Court for adjudication.

Although the Court is obligated to decide any claim of invalidity involving the arbitration clause itself (see id.), there is no such challenge pending here.  Instead, the primary battleground between the parties here concerns Defendant's standing to assert that the Agreement as a whole obligates Plaintiff to arbitrate his claims, a dispute that necessarily entails examination of both the arbitration clause along with the particular circumstances raised by the remainder of the Agreement.   In addition to standing, Plaintiff also asserts that the Agreement fails vis-à-vis Defendant for other reasons like

1 lack of assent or unconscionability.  Whether those challenges can be decided by the
2 arbitrator are questions that, according to the Agreement, the arbitrator must first
3 determine since they pertain to the "validity and scope" of the Agreement and whether
4 the Agreement can be set aside under the particular circumstances confronted here.

5      Given the strong policy favoring enforcement of arbitration provisions, the
6 resulting rigor with which arbitration agreements should be enforced, and the fact that
7 the arbitration clause at issue here is clear in mandating that "gateway" issues
8 determining the validity and scope of arbitration be determined by the arbitrator, this
9 Court finds Defendant's Motion to Compel Arbitration to be well taken.

10      "[O]nce a court determines that an arbitration clause is enforceable, it has the
11 discretion to either stay the case pending arbitration or to dismiss the case if all of the
12 alleged claims are subject to arbitration."  Delgadillo v. James McKaone Enterprises,
13 Inc., 2012 WL 4027019, at *3 (E.D. Cal. Sept. 12, 2012).  Here, while Defendant urges
14 the Court to dismiss Plaintiff's lawsuit in its entirety once arbitration is implicated, that
15 argument presupposes that the arbitrator will in fact resolve the disputes between the
16 parties in their entirety.  It is nonetheless altogether possible that the arbitrator will
17 decide that the subject matter of Plaintiff's particular claims is in fact not subject to
18 arbitration.  Consequently, in the Court's view, it would be unwise to dismiss the
19 Complaint altogether.  Instead, a stay pending completion of the arbitration proceedings
20 one way or the other is the more prudent option.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Compel Arbitration (ECF No. 9) is GRANTED. Defendant's additional request that this lawsuit be dismissed in light of its referral to arbitration is, however, DENIED. Instead, the Court orders this case STAYED pending the completion of arbitration in this matter.

IT IS SO ORDERED.

Dated:  June 17, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE